THE C. H. FOSTER (WILLIAM K. DUNCAN *v.*)

GEORGE N. COOMBS *v.* WILLIAM K. DUNCAN.

THE C. H. FOSTER (GRANVILLE E. CARLETON *v.*)

*(Circuit Court, D. Massachusetts. April 17, 1880.)*

COLLISION—CONTRIBUTION FOR CARGO OUT OF DAMAGES DUE FOR LOSS OF VESSEL—PLEADING—AMENDMENT—CONFORMATION OF DECREE TO FACTS ARISING AFTER LIBEL HAS BEEN FILED.

In Admiralty.

*John C. Dodge* and *Frederic Dodge,* for the C. H. Foster.
*Frank Goodwin,* for the Helen Mar.

LOWELL, J. These three cases arose out of a collision between the schooners Helen Mar and C. H. Foster, by which the Helen Mar and her cargo were totally lost; and some damage was suffered by the C. H. Foster, but none by the cargo which was on board of that vessel. The cases were tried together, and both vessels were declared blameworthy, and the damages have been assessed. No exception has been taken to any of the findings of law or fact excepting one, which was ruled

*pro forma* in the district court, it being thought more convenient for the parties that I should decide it, as I tried the case when district judge.

The owners. of the cargo could have proceeded against either vessel; but one having been destroyed, the liability of the owners of that vessel, the Helen Mar, was limited to her value. Rev. St. § 4283. They therefore brought their libel against the C. H. Foster, and have recovered a decree for their whole damage.

In the two cases between the vessels a balance is struck, and there is found due to the owners of the Helen Mar a sum, not very large, but somewhat more than half as much as the C. H. Foster has been decreed to pay to the owners of cargo.

Under these circumstances, the owners of the C. H. Foster represent that they ought not to be obliged to pay the whole sum decreed to the owners of the Helen Mar, when they will have a right to recover against them one-half of the damages paid on the cargo, which is nearly as large, and these owners are not within this jurisdiction. The first question, then, is whether the owners of the Helen Mar are bound, as between themselves and the owners of the C. H. Foster, to contribute for the cargo out of the damages due them for the loss of their vessel.

It seems to me that this question must be answered in the affirmative. As between these parties the damages represent the vessel, and it is a question how much each ought to contribute. It is upon this principle that a cross-libel is brought in such cases against the owners of the lost vessel, not that the libellants expect to recover personal damage, but that the amount may be properly adjusted between the two vessels, so that their own liability may be diminished. Such were the facts in another case, where one of the vessels, which happens to have the same name as the vessel lost here; was a total loss, but it was taken for granted that she was to contribute. *The Ontario* v. *Helen Mar*, 2 Lowell, 40; 1 Holmes 467. I have seen a copy of an able opinion of Judge Choate to the same effect. *Leonard* v. *Whitwill*, December 12, 1879.

The arguments turned chiefly upon the point of pleading whether there is any mode by which the owners of the C. H.

Foster can obtain this contribution in the present state of the proceedings, or by an amendment.

This point does not seem to me to present any difficulty. Part of the damages which the owners of the C. H. Foster have suffered are those which her owners have been, or will be, obliged to pay for the cargo, and they come in simply under a claim for damage; as in the well-known insurance case, where, in an action on a policy, the assured recovered the damages paid for collision with another vessel. *Nelson* v. *Suffolk Ins. Co.* 8 Cush. 477. The supreme court of the United States decided that point of insurance law differently from the judgment in Massachusetts, but not on the point of pleading. If, therefore, the libellants in *Coombs* v. *Duncan* (No. 1413) had paid for the cargo before bringing their libel, they would properly have included the amount in their claim for damages to be set against those recovered of them in No. 1412. If they do so now it is not too late, because a decree in admiralty is often conformed to facts arising after the libel is filed.

The money should be paid into court for the owners of the cargo within 15 days from the date of this opinion, and thereupon the decree in *Coombs* v. *Duncan* should show that one-half this sum is included in the damages, so that no question can arise hereafter upon that subject. The libel may be amended if the parties think it desirable.