## In re EASTERN DREDGING CO.

### THE SCOW NO. 34.

(District Court, D. Massachusetts.    August 17, 1907.)

#### No. 1,669.

SHIPPING—PROCEEDING FOR LIMITATION OF LIABILITY—TIME FOR FILING CLAIMS—EXTENSION BY COURT.

While a court of admiralty may in a proper case permit a damage claimant to file his claim in a proceeding by a vessel owner for limitation of liability, arising out of a collision, after return day of the monition, it cannot properly exercise such discretion in favor of a claimant who elected to bring suit, against the owners of the other vessel in collision, by permitting the filing of a claim more than two years after such return day, and after all other claims have been heard and determined.

[Ed. Note.—Limitation of liability of vessel owner, see note to The Longfellow, 45 C. C. A. 387.]

In Admiralty. On petition of Mary L. and Vernon B. Davenport for leave to file answers and proofs of claim after return day of monition.

See 138 Fed. 942.

Carver & Blodgett, for Eastern Dredging Co.
William A. Davenport, for Mary L. and Vernon B. Davenport.

DODGE, District Judge. The monition in this case was issued November 26, 1904. It cited all persons claiming damages for injuries due to the collision of March 13, 1904, between Scow No. 34 and the ferryboat City of Boston, to appear and make proof of their claims on or before Friday, March 3, 1905. It was served upon the company which owned the ferryboat and by publication. In a letter to the petitioner's counsel, dated November 28, 1904, Mr. and Mrs. Davenport's counsel waived further service of the monition upon them. The time limited by the monition expired, they had not then appeared or proved any claims in these proceedings, nor have they until now sought to do so.

Meanwhile on March 15, 1906, after a hearing on the question of liability for the collision raised in the answer which the owner of the ferryboat filed in compliance with the monition, the court held in these proceedings that the scow was solely to blame for the collision and the ferryboat free from blame. By an order entered July 20, 1906, a commissioner was appointed to receive proofs of claims for damage. On October 15, 1906, the commissioner filed his report. After his findings as to the amounts of damages sustained by each damage claimant who had appeared, the commissioner states in his report as follows:

"I find, also, that one Mary L. Davenport, a resident of Franklin county. Mass., was a passenger on the ferryboat City of Boston at the time of the collision; that on August 26, 1904, she brought separate actions in the superior court of said county of Franklin against the Eastern Dredging Company and the Winnisimmet Company to recover damages to her person and property alleged to have been sustained as a result of said collision; that said actions were duly entered, and the action against the Winnisimmet Company was tried in November, 1905, and a verdict rendered for the plaintiff in the sum of $2,600; that the Winnisimmet Company filed exceptions in said action in January, 1906, and the action is now pending on said exceptions.

"On April 2, 1906, said Winnisimmet Company filed in the District Court of the United States for the District of Massachusetts a petition for limitation of liability as owner of said ferryboat City of Boston, and a restraining order was issued thereon; that the said Davenport filed a motion to dismiss said petition as against her, and to dissolve the injunction so far as to allow her to proceed in the common-law suit in the state court, which motions are pending.

"Vernon B. Davenport, the husband of said Mary L. Davenport, has filed a claim in the case of the said Winnisimmet Company, petitioner for limitation of liability, for loss of services of his wife occasioned by the collision.

"Said Winnisimmet Company claims that, if it should be adjudged that the said Mary L. Davenport or the said Vernon B. Davenport have any claim against the Winnisimmet Company because of the collision aforesaid, said Winnisimmet Company should be entitled to present and prove such judgment against said Eastern Dredging Company, but that until such judgment shall be entered such claim cannot be presented or proved, and requests the foregoing facts to be reported to the court for further directions as to the rights of the parties; and I so report them."

In consequence of this portion of the report final action upon the question of its confirmation was suspended to await the result as to the Davenports' claim in the limited liability proceedings taken by the owners of the ferryboat.

The motion for dismissal of the Winnisimmet Company's petition, to which the commissioner here refers, was denied after a hearing thereon, in the proceedings under that petition, on December 18, 1906. Mary L. and Vernon B. Davenport then filed answers and proofs of claim in those proceedings. After a hearing on the merits of the claims thus presented by them it was held that neither of them had established any claim for damages against the owner of the ferryboat. See the opinion in those proceedings, dated July 9, 1907. That the ferryboat was not in fault for the collision the court regarded as established by its decision of March 15, 1906, in the proceedings upon this petition for limitation filed by the owner of the scow, of which proceedings the Davenports had had due notice and to which they

might have become parties. That there was no negligence toward Mrs. Davenport on the part of the owners of the ferryboat, if they were not responsible for the collision, the court found upon the evidence before it at the hearing on the merits of their claims. The present application is made after, and, as may be presumed, in consequence of, this decision.

What is now asked, therefore, is that the court will by an exercise of its discretion permit claims for damages to be presented in these proceedings more than two years after the time limited by the monition has expired, after the hearings upon all claims presented have been completed, and while a commissioner's report in which their amounts have been ascertained is before the court for confirmation.

In a proper case, the court may and will allow damage claims to be presented after the time fixed by the monition has expired. There was such an exercise of the discretion of the court in favor of these petitioners in the proceedings upon the petition filed by the owner of the ferryboat. See the opinion in that case, dated December 18, 1906. There was such an exercise of the discretion of the court in The Argus (D. C.) 100 Fed. 143. But while a damage claimant who has not had a fair opportunity to appear may be allowed to file his claim late, as, for example, when through force of circumstances it has not been reasonably possible for knowledge of the proceedings to reach him, or when, though he has had notice, his appearance has been delayed through accident or mistake, and while this may be more readily permitted so long as none of the steps have been taken which are based on the assumption that all parties are in court who wish to be heard, these claimants have no such claim upon the indulgence of the court. They had due notice of the monition, and deliberately elected not to present their claims in these proceedings, but to rely upon their rights in proceedings elsewhere. In The Argus Judge Lowell had some doubt whether the discretion of the court ought to be exercised in the petitioner's favor, even in the circumstances there shown. In the present case I think such an exercise of discretion would be unjust toward the petitioner for limitation and the other damage claimants. Each damage claimant has the right to be heard in opposition to every other claim. Upon all the issues raised upon all the claims presented the evidence has long since been taken, and a result arrived at on all the issues raised. I do not think I can properly reopen the case at this stage and under these circumstances. Any precedent, moreover, which might encourage the belief that the terms of the monition in such a case as this may be safely disregarded, seems to me a precedent to be avoided.

The petition must be denied.