### In re EASTERN DREDGING CO.

### THE SCOW NO. 34.

(District Court, D. Massachusetts. October 23, 1909.)

### No. 134.

1. COLLISION (§ 115*)—INJURY TO PASSENGERS—RIGHT TO RECOVER AGAINST EITHER VESSEL IN FAULT.

When cargo or passengers on board of one of two colliding vessels sustain damages, and both vessels are in fault, the cargo owners or the passengers have a claim recoverable in full against either vessel in a suit brought against her for that purpose, or allowable in full in proceedings taken by the owner of either for limitation of liability.

[Ed. Note.—For other cases, see Collision, Dec. Dig. § 115.*]

2. COLLISION (§ 147*)—PROCEEDINGS FOR LIMITATION OF LIABILITY FOR COLLISION—PROVABLE CLAIMS—CONTRIBUTION TO DAMAGE CLAIMS PAID BY OTHER VESSEL.

Under the rule, settled by the Supreme Court, that where one of two vessels in collision, for which both were in fault, has been compelled to pay in full for damage to cargo or passengers resulting from the collision, the owner is entitled to recover one-half of such payment in contribution from the other vessel, a claim therefor may be proved in pro-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ceedings by the owner of the latter vessel for limitation of liability, and it is not essential that both should have been parties to the suit or proceeding whereby payment for such damage or injury was enforced against one. Nor is the right to such contribution affected by the fact that the damage claimants had lost by delay their right to make proof of their claims directly in such limitation proceedings, where the claimant for contribution in due time presented its contingent claim therefor.

[Ed. Note.—For other cases, see Collision, Dec. Dig. § 147.*]

In Admiralty. Proceedings by the Eastern Dredging Company, as owner of the Scow No. 34, for limitation of liability. Settlement of final decree.

See, also, 138 Fed. 942; 159 Fed. 541; 162 Fed. 860, 89 C. C. A. 550; 182 Fed. 171, 174.

Blodgett, Jones & Burnham, for petitioner.
William A. Davenport, for Mary L. and Vernon B. Davenport.
Arthur P. Teele, for Winnisimmet Co.

DODGE, District Judge. From the final decree entered in this case on October 4, 1907, which held the petitioner's scow No..34 solely in fault for its collision, on March 13, 1904, with the ferryboat City of Boston, and ordered payment in full of the various claims for damages proved in the proceedings, there was an appeal by the petitioner. Its appeal was successful. The Court of Appeals held both said vessels in fault, ordered a division of the damages, reversed the decree entered here, and the case is now under the mandate of the Court of Appeals, dated November 28, 1908, and filed here December 2, 1908. The mandate directs further proceedings in this court in accordance with the Court of Appeals opinion.

The petitioner now asks for the entry of a final decree similar to that entered October 19, 1907, and now reversed, except in requiring the petitioner to pay one-half only of the sums therein adjudged to be due the various damage claimants, instead of requiring it to pay those amounts in full.

The Winnisimmet Company, whose claim heretofore proved was for the damage done to its ferryboat, and amounts to $4,954.70, including costs, contends, on the other hand, that the Court of Appeals decision entitles it to a reconsideration of its claim for damages, and that it ought now to recover, not merely one-half the damages sustained by its ferryboat in the collision, but also one-half of a liability to which it has become subject, as owner of one of the two vessels now held to blame for the collision, for injuries sustained by Mary L. Davenport, a passenger on board the ferryboat, and by her husband, Vernon B. Davenport.

The Winnisimmet Company's claim for damages in these proceedings was first presented in its answer to the petition, filed June 24, 1905, and its proof of claim filed on the same day. No reference was made in either of these papers to any damages other than the loss directly occasioned by the sinking of its ferryboat. But the proof of claim was later amended (April 13, 1906), and the amendment set forth that Mary L. Davenport was a passenger on the ferryboat at

the time; that she had sued the Winnisimmet Company for personal injury occasioned by the collision, in a state court; that there had been a verdict in this suit against the Winnisimmet Company for $2,-600; that it had filed a bill of exceptions; that these were pending, but not yet allowed; that, if judgment should ultimately be entered upon the verdict, it would be absolutely, as it was then contingently, liable for the amount thereof "as a part of the loss or damages sustained by the respondent by reason of said collision through the fault of the petitioner"; that it had notified the petitioner before the trial to appear and defend the suit, and that unless this was done it would hold the petitioner responsible for all damages, costs, and counsel fees that it might be compelled to pay; but that the petitioner had failed so to appear or defend.

The subsequent reference to this portion of the Winnisimmet Company's claim, made in the report filed October 16, 1906, by the commissioner who was appointed to assess the claim for damage presented in these proceedings, has been quoted in a former opinion herein, dated August 17, 1907. 159 Fed. 549, 550. As stated in the same opinion, confirmation of the commissioner's report was not ordered until after a final result regarding the Davenport claims had been reached in the proceedings for limitation of its liability incurred in the same collision, which the Winnisimmet Company instituted in this court April 2, 1906. In those proceedings, which are still pending, as below appears, the Davenport claims were presented, heard, and rejected by this court. The City of Boston, 159 Fed. 261. The opinion announcing this result is dated July 9, 1907. This court held (1) that the finding made March 15, 1906, in the present proceedings, that Scow No. 34 was solely to blame for the collision, and its owner solely liable for the resulting damages, was conclusive against any claim by the Davenports for any injuries directly caused by the collision; (2) that the Winnisimmet Company, as owner of the ferryboat, was not shown to have injured them by any negligence after the collision. Upon the filing of this opinion, Mrs. Davenport and her husband moved in these proceedings, July 22, 1907, for leave to appear and answer the present petition, for the purpose of establishing their claims against Scow No. 34, or the present petitioner as its owner, notwithstanding that the time within which such claims had been ordered to be presented had long since expired. But it was held, in the opinion dated August 17, 1907, above referred to, that this could not be allowed, because the Davenports had had due notice of these proceedings and deliberately elected not to present their claims in them, but to rely upon their rights elsewhere. 159 Fed. 549.

In the proceedings upon the Winnisimmet Company's petition for limitation of liability Mrs. Davenport had moved, immediately upon presenting her claim, for a modification of the restraining order such as would allow her to prosecute her action in the state court to final judgment, that the damages sustained by her might be liquidated without further trial. This motion was denied December 18, 1906. 159 Fed. 257.

Mrs. Davenport and her husband appealed from the decrees against them above referred to, and they were reversed on appeal. The Court

of Appeals held, in the proceedings under the Winnisimmet Company's petition, as it had held also upon the petition of the Eastern Dredging Company, that both vessels were to blame. It further held that Mrs. Davenport's motion for leave to prosecute her suit in the state court to judgment should have been granted. The petition of the Winnisimmet Company, like that of the Eastern Dredging Company, has been, therefore, remanded for further proceedings in conformity with these rulings. 162 Fed. 862, 89 C. C. A. 550.

Leave having been granted by this court, as directed by the Appellate Court, Mrs. Davenport obtained judgment in her state court suit on January 4, 1909, for $2,600, with interest and with costs. Thereafter this court, on August 10, 1909, allowed her claim in the proceedings under the Winnisimmet Company's petition at $2,679.27, with interest from the date of the verdict in her favor. At the same time it allowed the claim of Vernon B. Davenport at $1,000, with interest from July 21, 1906. All this is of record in this court in the proceedings referred to. The Winnisimmet Company is, therefore, to pay these amounts to these damage claimants by virtue of the same decree as that whereby it is to be allowed the benefit of limitation of its liability which its petition seeks.

Upon motion of the Winnisimmet Company, as is also of record in the proceedings upon its petition, the Eastern Dredging Company was, after notice to it and against its protest, summoned to appear at the hearing had in pursuance of the mandate upon the Davenports' claims, and to answer and defend against them. Exceptions by it to the process summoning it so to appear, answer, and defend, and motions, were overruled, and motions to dismiss the same denied, by the court. It then appeared and defended, reserving, however, its rights under the objections and exceptions which it had filed.

The finding on appeal that both vessels were in fault requires, of course, a reassessment here of the damage claim which the Winnisimmet Company has presented as owner of the ferryboat. Under the finding of this court, now reversed, the amount of damage to its ferryboat was all that had to be ascertained. The mere reduction by one-half of that amount, as now ascertained, is not necessarily all that the decision above requires. Had the petitioner's scow also sustained damage in the collision, the amount of such damage would have also to be ascertained, and the claim to be allowed here, if the ferryboat should appear to have suffered the most, would have been half the difference between the two amounts of damage suffered by the vessels respectively. The North Star, 106 U. S. 17, 1 Sup. Ct. 41, 27 L. Ed. 91. If the two amounts appeared to be equal, or if the petitioner's scow appeared to have suffered most, the owner of the ferryboat would have no claim allowable in this proceeding, so far as damage to its vessel is concerned. There has been no proof offered, however, that any damage was sustained in this collision by the scow.

When cargo or passengers on board of one of two colliding vessels sustain damage, and both vessels are to blame, the cargo owners or the passengers have a claim recoverable in full against either vessel in a suit brought against her for that purpose; and, of course, they have a claim allowable to the full amount of their damages in

proceedings for limitation of liability taken by the owners of either of said vessels. The claims for damage to passengers in this collision have been allowed, as has been stated, in full against the ferryboat, in the proceedings for limitation instituted by her owner. They would have been equally allowable in full as claims for damages, had they been presented in these limitation proceedings taken by the owner of the scow; but this was not done. The owner of the ferryboat will be ordered by the final decree in the proceedings under its petition to pay these claims in full. It will have to pay them in full, because the stipulation given for the value of the ferryboat and pending freight is more than enough to satisfy all the claims which the decree will call upon it to pay. The payment of those claims will give it a right to recover one-half of what it so pays, in admiralty, as an incident of the joint liability, against the owner of the scow. Erie R. R. Co. v. Transp. Co., 204 U. S. 220, 27 Sup. Ct. 246, 51 L. Ed. 450. In this proceeding it has set up in its pleadings, as fully as was possible before its vessel had been found jointly in fault for the collision, its claim for contribution against the owner of the scow, in case it should ever become liable for the claims by being so held in fault. I find it difficult to see why, upon proof that it has so become liable, its claim for contribution is not allowable against the petitioner in these proceedings. That the claim for contribution is a claim "for loss, damage, or injury by collision" (Rev. St. § 4283 [U. S. Comp. St. 1901, p. 2943]) can hardly be denied by the petitioner. It has nowhere appeared that the collision damage was with the petitioner's privity or knowledge, and that it was without such privity or knowledge is the petitioner's own contention. It is apparently true that there is no reported precedent for the allowance of such a claim in limited liability proceedings. But that such a contribution is recoverable by suit in admiralty the Supreme Court has now settled by the decision last above referred to. The opinion in that case, after declaring it well understood under our admiralty law that the rule as to contribution between wrongdoers is contrary to that prevailing at common law, and holding that as between colliding vessels, both in fault, the right to the division of such damages as one of the parties pays to the owner of cargo on board the other "does not stand on subrogation, but arises directly from the tort," continues as follows:

"The liability of the New York under our practice for all the damage to cargo was one of the consequences plainly to be foreseen, and, since the Conemaugh was answerable to the New York as a partial cause of the tort, its responsibility extended to all the manifest consequences for which, on the general ground that they were manifest, the New York could be held."

It results, in my opinion, from this method of regarding the respective rights and liabilities of the parties under circumstances such as this case presents, that the owner of the ferryboat is entitled to have allowed in these proceedings the same claim for contribution which it might recover in an independent suit. As was earlier said by the Court of Appeals for the Second Circuit in The Gulf Stream, 64 Fed. 810, 12 C. C. A. 617, the owners of two vessels both in fault may be regarded as standing in the position of "sureties towards one another as respects the claims of a cargo owner whose goods on board one

of the vessels have been lost by the collision," and, "because the loss is a common burden, the owner of either vessel may remove it and become entitled to contribution against the other." To the numerous and well-known cases in which, upon the same principles, such a claim for contribution has been allowed by way of recoupment, a general reference is all that is necessary, in view of the facts here presented.

It is true that I have already decided in this case (159 Fed. 549) that the Davenports have lost the right originally belonging to them to make proof of their claims in these proceedings and have them allowed in their favor as part of the damages, its liability for which, as owner of the scow, this petitioner is seeking to limit. The decision was made upon the ground that the Davenports had allowed the time limited in the monition to expire without presenting their claims, and had made no attempt to present them until long after that time had expired. But, while the Davenports themselves are thus barred, it does not follow that the claim for contribution belonging to the owner of the ferryboat is also barred. That claim, originally a contingent claim, and one which could only become absolute when the liability of the ferryboat to bear one-half the collision damages should be established, had been duly presented in these proceedings so far as it was then capable of presentation, as has been already stated. Not until it had been adjudicated that both vessels were in fault, and that the claims of the Davenports for damages suffered by them through the collision were, therefore, valid against the ferryboat, did it become possible to establish or allow any claim for contribution toward the ferryboat's liability. There is nothing to indicate that the ferryboat's owner in any manner induced the Davenports either to refrain from presenting their claims in these proceedings or to present them in the proceedings under its own petition. The standing of the ferryboat owner's claim for contribution ought not, therefore, to be in any way affected by the Davenports' failure to assert their claims for damages, good against either vessel, under this petition brought by the owner of the scow.

It is true, also, that the petitioner in this case has not been a formal party to all the proceedings wherein the validity of the Davenport claims for damages sustained in the collision has been finally established. The petition brought by the owner of the ferryboat made no express mention of any claim by the owner of the scow, either asserted or anticipated, and there was no service, therefore, of the monition in that case upon the present petitioner. It was not until after the Court of Appeals decision that this petitioner can be said to have appeared in any way in the proceedings under the petition brought by the owner of the ferryboat; but, in the proceedings which this petitioner has instituted, the question of its liability, as owner of its scow, for the same collision has been litigated and determined between it and the owner of the ferryboat, appearing to assert, as respondent and damage claimant, a right to such contribution from it as will make both vessels share equally the burden of any liability to the Davenports, in case the ultimate result of the litigation shall be to impose that burden upon it. So far, therefore, as the decree in these proceedings holds it liable, as owner of one of the vessels in fault, to share

the burden of any damages which the collision may have caused, this petitioner has no right to complain.

The decision of the Court of Appeals in this case, holding the ferryboat in fault as well as the scow, and its decision under the petition by the ferryboat's owner that Mrs. Davenport should have leave to prosecute her state court suit against it to judgment, were both announced on the same day, June 19, 1908. See 162 Fed. 862, 89 C. C. A. 550. The decision in the case last referred to was based on the decision in the case first referred to that both vessels were to blame. The Davenports had no claim for collision damage against the ferryboat, according to the decision of this court, now reversed. The only proceedings here which have dealt with the question, Did Mr. or Mrs. Davenport sustain damages attributable to the joint fault of the two vessels, and what was the amount of such damage, if any? have been the proceedings in pursuance of the mandate in the case begun here by the petition of the Winnisimmet Company. The order of court above referred to, directing this petitioner to appear in those proceedings and defend as it might see fit against the Davenport claims, was made because this court was then for the first time about to determine the validity and fix the amount of claims which, if allowed, would constitute a liability to be shared by both vessels, and for contribution toward which, if allowed against it, the owner of the ferryboat had duly made claim in this case. By the proceedings referred to, had here since the mandate regarding those claims, I must consider this petitioner bound as a party.

It is true that the result of those proceedings—i. e., the allowance of the Davenport claims, in the amounts above stated, to be paid in full by the owner of the ferryboat—was based in part upon evidence heard by the court before any order had been made directing the owner of the scow to appear and defend against them in the case wherein they had been presented. It is also true that the result referred to was based, so far as Mrs. Davenport's claim is concerned (as directed by the Court of Appeals), in part upon proceedings in a case pending in a state court to which the owner of the scow had never been made a party in any form. I do not think that these facts require the exoneration of the owner of the scow from its liability to contribute toward the liability of the owner of the ferryboat for those claims as fixed by the final decree made upon the petition of the latter for limitation. The right to contribute arises, as above stated, from the fact that one of two parties, jointly liable, has been obliged to satisfy in full the liability which both ought to bear. It is not essential that both should have been parties to the proceedings whereby payment in full has been enforced against one. If not afforded an opportunity to defend in those proceedings, and therefore not concluded by them, the party from whom contribution is sought has indeed the right to show, if it can, that their result might have been prevented by a proper defense which was not made. The owner of the scow has not offered to show that any such state of facts exists here. It relies only on its contention that it cannot be in any way bound by anything decided in the state court, or by anything decided in this court in the proceedings under the ferryboat owner's petition. This position I do

not think it can maintain. Proof that this court has ordered the owner of the ferryboat to pay the Davenport claims in full seems to me enough to justify an order subjecting this petitioner to its proper share of that burden.

No reason, it may be added, appears for believing that the owner of the ferryboat omitted, either in the state court or in this court, any proper defense which it might have made to the claims in question. Of what was taking place in the state court in Mrs. Davenport's suit against the owner of the ferryboat, this petitioner can hardly have been ignorant. It has alleged in the fourth paragraph of its petition that Mrs. Davenport had sued it also in the same court. Its allegation, however, in the claim for contribution filed April 13, 1906, that long before the trial in that court, which resulted in the verdict above mentioned, it "vouched in" this petitioner to appear and defend that suit, with notice that it would hold this petitioner liable for the consequences of any adverse result unless it did so, remains unproved. It may be doubted whether such a notice, if given, would have had any important bearing upon the questions here to be dealt with.

No contribution, of course, by this petitioner, should be finally ordered while there remains any question as to the actual payment in full of the Davenport claims by the owner of the ferryboat. The decree ordering such payment, although secured by stipulation, may conceivably remain unsatisfied. This consideration need not necessarily obstruct the allowance of the claim for contribution in this case. The entry of the final decree in which that claim is to be allowed may be suspended for a reasonable time after the entry of the final decree under the Winnisimmet Company's petition, and entered if, within that time, full payment of the Davenport claims shall be shown, either by deposit of the money in court, or the filing of a proper acknowledgment that the claims referred to have been satisfied. See The C. H. Foster (C. C.) 1 Fed. 733, 735.

The final decree in this case will therefore allow the Winnisimmet Company's claim for damage to its ferryboat in one-half the amount allowed by the former decree herein, now reversed, with such additional interest as has since accrued, and will also allow its claim for contribution in one-half the amount which that company is ordered to pay the Davenports by the final decree under its petition. No attempt has been made to vary or disturb the allowance of the claim of Vanderbilt in full, as now provided in the former decree. There seems, therefore, to be no other changes in the former decree which will be required in order to make it comply with the mandate.