Charlene **LOEBER**, et al.

v.

The **UNITED STATES** of America, et al.

Civ. A. No. 89–2483.

United States District Court, E.D. Louisiana.

Sept. 10, 1992.

Donna S. Cummings, John J. Cummings, III, Frank Charles Dudenhefer, Jr., Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, New Orleans, La., for plaintiffs.

Peter B. Tompkins, Gelpi, Sullivan, Carroll & Gibbons, New Orleans, La., Debra J. Kossow, U.S. Dept. of Justice, Torts Branch, Civ. Div., Washington, D.C., John P. Volz, Norman Charles Sullivan, Jr., Harry A. Rosenberg, Robert Hugh Murphy, Peter Brooks Sloss, Murphy, Williams, Rogers & Sloss, New Orleans, La., Nelson W. Wagar, III, Valerie Turner Schexnayder, Hailey, McNamara, Hall, Larmann & Papale, Metairie, La., Randell E. Treadaway, Eugene W. Policastri, Michael Dennis Sledge, O'Neil, Eichin, Miller & Breckinridge, New Orleans, La., for defendants.

## ORDER AND REASONS

ARCENEAUX, District Judge.

A motion for summary judgment was filed by the United States of America ("the Government") requesting this court to dismiss the third-party complaint of Metropolitan World Maritime Corporation ("Metropolitan") with prejudice. The Government contends that because contribution is based on a theory of subrogation and because plaintiffs have no remedy against the United States, Metropolitan has no right of contribution against it. To that end, the Government cites a number of cases where absolute governmental immunity from suit prevented third-party contribution claims. However, the Government's analysis overlooks the law in admiralty of joint liability and the right of contribution arising therefrom. While there is a paucity of law in this circuit on this issue, the court has considered the law provided by the United States Courts of Appeals for the Third and Seventh Circuits and concludes that the Government's motion for summary judgment must be denied.

The facts of this case have been set forth in detail in *Loeber v. Bay Tankers, Inc.,* 924 F.2d 1340, 1341–42 (5th Cir.1991). In that decision, the United States Court of Appeals for the Fifth Circuit dismissed plaintiffs' claims against the United States because the Loebers failed to comply with the requirement in the Admiralty Jurisdiction Act, 46 U.S.C. app. § 740, that they file a claim with the appropriate federal agency and then wait six months before filing suit; therefore, the circuit court concluded that this court did not have jurisdiction to entertain the Loebers' suit against the United States. The court also found the suit was time barred. Plaintiffs had filed the action [1] within the two-year period prescribed by 46 U.S.C.App. § 745 (Suits in Admiralty Act) ("SIAA"); however, they had failed to comply with the six-month requirement of the AEA. Therefore, they were precluded from pursuing their claims after the two-year limitation period expired. *Loeber,* 924 F.2d at 1343. Thus, the Loebers were barred from prosecuting their claims against the Government—not because of absolute governmental immunity or because of the exclusivity of a remedy such as the Federal Employees' Compensation Act, 5 U.S.C. §§ 8101–8193 ("FECA"), but because of counsel's failure to properly comply with pre-suit requirements, as a condition of the Government waiving the immunity it otherwise enjoys.

As stated previously, the Government urges this court to reject Metropolitan's claim for contribution; it argues that because the plaintiffs have no viable claims against the United States, and because contribution is based on the theory of subrogation, Metropolitan is barred from claiming contribution. To support this proposition the Government has cited a number of FECA cases, wherein third party contribution claims were rejected based on the governmental immunity under FECA. The rationale underlying these cases is that because there was no cause of action by the plaintiff against the Government as plaintiff's employer and there was no independent cause of action against the United States by the third-party plaintiffs in these cases, a third-party could not look to the Government for contribution.[2]

Likewise, the Supreme Court refused to make a Longshore and Harbor Worker employer ("LHWCA", 33 U.S.C. § 901, *et seq.*) indemnify a ship owner even though they were joint tortfeasors because of the compensation scheme in place in *Halcyon Line v. Haenn Ship Ceiling & Refitting Corp.,* 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318

1. Indeed, plaintiffs filed the same suit at various points in time in an attempt to end run the prescription dilemma; however, the Fifth Circuit rejected those attempts. *Loeber,* 924 F.2d at 1343.

2. *See Walls Indus., Inc. v. United States,* 958 F.2d 69 (5th Cir.1992) (federal civil employee plaintiff's claims barred by FECA also bars contribution to manufacturer); *Bush v. Eagle–Picher Industries, Inc.,* 927 F.2d 445 (9th Cir.1991) (asbestos manufacturer barred from seeking contribution for damages paid to civilian government employees under FECA); *Robinson v. Cooper/T. Smith Corporation,* 1989 AMC 2658, 1989 WL 97922 (E.D.La.1989) (no right of contribution because alleged indemnitor [FECA employer] is not directly liable to plaintiff).

(1952) (superseded by statute). Thus, in the majority of cases cited by the Government, immunity from employee suits because of compensation schemes underpinned the courts' rationale for refusing to allow contribution.

In the other cases cited by the Government, no possible cause of action existed between the plaintiff and the entity seeking contribution. In *Diaz v. United States,* 655 F.Supp. 411 (E.D.Va.1987), under Virginia law, no contribution was available because contributory negligence barred recovery to plaintiff. Another court rejected the concept that a ship-owner employer, who may be liable to an injured seaman-employee under the Jones Act is entitled to seek indemnity and contribution from another of its employees whose negligence allegedly caused the injury. *California Home Brand, Inc. v. Ferreira,* 871 F.2d 830 (9th Cir.1989).[3] Thus, again, these cases present situations where there simply *is* no cause of action by plaintiff as against the "joint" tortfeasor.

It must be noted that the Supreme Court has recognized the viability of some suits by third-parties seeking contribution from the United States. In *Lockheed Aircraft Corp. v. United States,* 460 U.S. 190, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983), the Court found that FECA does not directly bar third party indemnity action against the United States provided there is a valid independent claim for indemnity.

■ Metropolitan urges the court approach this case under the rules of admiralty. Under maritime law, it is clear that concurrent tortfeasors are jointly liable. *Cooper Stevedoring Co. v. Fritz Kopke, Inc.,* 417 U.S. 106, 108–10, 94 S.Ct. 2174, 2176, 40 L.Ed.2d 694 (1974); *Simeon v. T. Smith & Son, Inc.,* 852 F.2d 1421, 1428 (5th Cir.1988). Liability for plaintiffs' damages is allocated among the parties proportionately to the comparative degree of their fault. *Loose v. Offshore Navigation, Inc.,* 670 F.2d 493, 500 (5th Cir.1982). Plaintiffs who have been injured by jointly liable tortfeasors can proceed against either tortfeasor or both to recover their full damages. *Cooper Stevedoring,* 417 U.S. at 112–14, 94 S.Ct. at 2178. The party against whom plaintiffs have recovered then has a right of contribution or indemnity against the party against whom plaintiffs have not recovered for that proportion of damages allocated by that party's comparative degree of fault. *Transorient Navigators Company, S.A. v. M/S SOUTHWIND,* 788 F.2d 288, 294 (5th Cir.1986) (innocent plaintiff may recover his full damages from any one of two or more joint tortfeasors, leaving that tortfeasor to seek contribution or indemnity from its co-tortfeasors in the context of prejudgment interest).

■ There is no dispute that this court has jurisdiction over the United States as regards this third-party claim. In the case at bar, Metropolitan has its own independent claim for contribution against the United States as a concurrent, joint tortfeasor. This is a claim given to parties situated such as Metropolitan is situated in this case. Furthermore, Metropolitan's cause of action against the United States does not accrue until it pays settlement or has judgment entered against it for more than its share of damages, thus there can be no argument, and the Government has not raised, a prescription defense.

This case differs from one involving an exclusive remedy given the plaintiff such as that under FECA or LHWCA. In such a case, the exclusiveness of the remedy bars indemnity and/or contribution by the defendant/third-party plaintiff. In this instance, the Loebers' claim suffered no statutory or other exclusivity bar. They surely had the right to sue the Government, had they properly met the prerequisites to that exercise. That they failed to timely do so, and as a result, their claim was found time barred, is a far cry from the circumstances presented by a third-party demand against a potential tortfeasor who owes no duty in tort to an injured plaintiff.

---

3. *But see Hachulla v. United States,* 1981 AMC 2573 (D.Ore.1981) (United States allowed to pursue contribution for alleged negligence of injured child's mother because admiralty would not recognize parental immunity from suit).

Lockheed clearly recognizes the right of a third-party who identifies the substantive law that affirmatively grants it the right to proceed against the government. Metropolitan has done so, and thus may proceed with its third-party claim. The admiralty gives it the right to seek contribution against the United States, a potential co-tort feasor. The government is not shielded by any substantive statute, such as FECA, restricting the plaintiffs to a compensation-type claim. Thus there is no bar to a derivative claim by Metropolitan, and Metropolitan may pursue its independent claim for contribution. The result is fair and accords with *Marathon Pipe Line v. Drilling Rig ROWAN/ODESSA*, 761 F.2d 229, 236 (5th Cir.1985); *Sea–Land Service, Inc. v. United States*, 874 F.2d 169, 171 (3d Cir.1989).

This rule "ensures that the loss is distributed among those responsible for the harm and prevents one tortfeasor from being saddled with the entire liability solely because of the plaintiff's choice of defendants." *Central Rivers Towing, Inc. v. Beardstown*, 750 F.2d 565, 572 (7th Cir. 1984), citing *Thornton v. Hull*, 515 F.Supp. 715 (D.C.Mass.1981) (direct action by vessel barred by statute of limitation does not preclude suit by third-party plaintiff town against the United States); *see also Subaru of New England, Inc. v. General Ship Corp.*, 142 F.R.D. 578 (D.Mass.1992).

As explained in *Sea–Land:*

Sustaining the government's position in this case would thus require us to hold that the rule in cases seeking contribution from the government under the [Suits in Admiralty Act, 46 U.S.C. §§ 741, 745] is different from the rule universally applied in suits seeking contribution from private parties. We decline to do so.

*Sea–Land*, 874 F.2d at 172. In this instance, the Government is requesting precisely this relief; this court will not accommodate it. Simply because the Loebers failed to properly enforce their rights against the United States, Metropolitan cannot be foreclosed from its claim for contribution. To so hold would require this court to find that Congress intended this result when passing the AEA and SIAA.

The Third Circuit in Sea–Land, refusing to find such congressional intent stated:

the text of the section 2 of the Act which provides that "[i]n cases where if such a vessel were privately owned or possessed, or if a private person or property were involved, a proceeding in admiralty could be maintained, any appropriate nonjury proceeding in personam may be brought against the United States...." 46 U.S.C.App. § 742 (1982). In addition, Section 743 mandates that "[s]uch suits shall proceed and shall be heard and determined according to the principle of law and to the rules of practice obtaining in like cases between private parties." 46 U.S.C.App. § 753 (1982).... [A]ssuming the facts stated in the complaint to be true, a private party in the government's position would be liable to Sea–Land and we believe Congress intended the government to be as well....

*Sea–Land*, 874 F.2d at 172. The *Sea–Land* court continued its analysis recognizing that where, as here, Congress adopts a statute of limitations against a body of consistently applied limitations and contributions law, a court should not infer a congressional intent to depart therefrom in the absence of proof of such intent. This court, as in *Sea–Land*, has not been referred to any legislative history "suggesting in any way that Congress rejected the general rule that a claim for contribution does not accrue at the time of the injury to the third party." *Sea–Land*, 874 F.2d at 173.

The court recognizes that the Government is not espousing the position that the claim is prescribed; however, the analytical hook upon which the Government rests its position is that because the Loebers failed to properly pursue their claims against the Government under the AEA and the SIAA, Metropolitan is foreclosed from seeking contribution, and the Loebers are foreclosed from recovering those damages attendant to the United States allegedly tortious actions. For this proposition, the Government asks the court to rely on *Leger v.*

*Drilling Well Control, Inc.*, 592 F.2d 1246 (5th Cir.1979) (settling defendants are relieved of any further liability to plaintiff, and judgment awarded to plaintiff against nonsettling defendant is credited with dollar amount represented by proportion of negligence, if any, attributed to settling parties), and *Luke v. Signal Oil and Gas Co.*, 523 F.2d 1190 (5th Cir.1975) (plaintiff who releases joint tortfeasor in settlement deprives remaining tortfeasor of his right to enforce contribution under Louisiana law). This position flies in the face of admiralty law and the clear terms of the AEA and SIAA as delineated above. The court declines the invitation to occupy that position.

The court will apply the normal rules of admiralty to the claims at hand. If so entitled, the Loebers will be allowed to pursue a full recovery as against Metropolitan for the alleged concurrent fault of the United States and Metropolitan, if any there may be. Metropolitan may seek contribution as against the United States for its proportionate share of fault, if any. Accordingly, the motion for summary judgment of the United States is DENIED.

IT IS SO ORDERED.