**Jens THORNTON, Plaintiff,**

v.

**TOWN OF HULL, et al., Defendants,**

v.

**UNITED STATES of America, Third-Party Defendant.**

Civ. A. No. 80–2494–C.

United States District Court, D. Massachusetts.

June 9, 1981.

Kneeland, Kydd & Handy, Michael F. Kuppens, Boston, Mass., for plaintiff.

Marianne B. Bowler, Asst. U. S. Atty., Boston, Mass., R. Clayton Seaman, Trial Atty., Torts Branch—Civil Division, Dept. of Justice, Washington, D. C., for third-party defendant.

James Lampke, Boston, Mass., for Town of Hull.

MEMORANDUM AND ORDER

CAFFREY, Chief Judge.

This civil action arises out of the sinking of the plaintiff's fishing vessel in January of 1977. The vessel was lost while tied up to the Pemberton pier which was owned by the Town of Hull. On December 27, 1979, plaintiff Jens Thornton filed a complaint in the Plymouth County Superior Court alleging negligence by the Town of Hull and Edward McDevitt, Assistant Harbor Master of the Town of Hull. On September 8, 1980, the defendants filed an answer and a third-party complaint impleading the United States as third-party defendant. The third-party plaintiffs alleged that the Unit-

ed States Coast Guard was the sole cause or, in the alternative, contributed to cause the plaintiffs' losses. Consequently the third-party plaintiffs seek either indemnification or contribution from the United States as third-party defendant. On January 5, 1981, the United States, pursuant to Rule 12(b) of the Fed.R.Civ.P., filed a motion to dismiss the third-party complaint. The United States contends that the third-party action is barred by the two-year statute of limitations on admiralty actions against the United States.

Both the third-party defendant and the third-party plaintiffs agree that the statute of limitations imposed by the Suits in Admiralty Act, 46 U.S.C. § 745, would bar any direct action by the original plaintiff, Jens Thornton, against the United States. The United States argues further, however, that since a direct action is time-barred, a third-party action is also precluded.

A defendant's right to seek indemnification or contribution is distinct from a plaintiff's right of recovery. To maintain a cause of action against a third-party defendant, the third-party plaintiff must allege facts which will support recovery under either of the above theories. The third-party plaintiff's rights are governed by a different statute of limitations which does not begin to run until there is a final judgment or until the third-party plaintiff has paid the original plaintiff. 3 Moore, Fed. Practice ¶ 14.09 at 425–26 (1974). See also *Keleket v. X-Ray Corp. v. United States,* 275 F.2d 167 (D.C.Cir., 1960); *Litts v. Refrigerated Transport Co.,* 375 F.Supp. 675, 677–78. Such a rule ensures that the loss is distributed among those responsible for the harm and prevents one tortfeasor from being saddled with the entire liability solely because of the plaintiff's choice of defendants. See *Newport Air Park v. United States,* 419 F.2d 342 (1st Cir., 1969).

The third-party plaintiff's right to recover does not accrue until a judgment has been entered and the original plaintiff has been satisfied. Nevertheless, it is well-settled that the third-party plaintiff may bring a third-party complaint before any judg-

ment has been entered. See *Corning Glass Works v. Puerto Rico Resources Authority Inc.,* 396 F.2d 421 (1st Cir., 1968).

In the instant case, the United States has consented to suit and the motion before the Court raises only the statute of limitations. The motion does not allege that the third-party complaint fails to state a claim upon which relief may be granted. The fact that the two-year statute of limitations period has run with respect to the original plaintiff's cause of action does not control the defendant's right to maintain a third-party action. Accordingly, the third-party defendant's motion to dismiss is denied.