**Bruce BRADFORD and Hazel Bradford, Plaintiffs,**

v.

**INDIANA & MICHIGAN ELECTRIC COMPANY, an Indiana corporation, Defendant and Third-Party Plaintiff,**

v.

**KYLE FURNITURE COMPANY, a West Virginia corporation and Don P. Smith Chair Company, a Tennessee corporation, Third-Party Defendants.**

Civ. No. 81–3163.

United States District Court,
S.D. West Virginia,
Huntington Division.

April 30, 1984.

Lee B. Forb, Preiser & Wilson, Charleston, W.V., Frederick C. Dolt, Louisville, Ky., for plaintiffs Bradford.

Thomas W. Pettit, Huntington, W.V., Anthony J. Polito and Thomas A. Smock, Pittsburgh, Pa., for defendant and third-party plaintiff Indiana & Michigan Elec. Co.

R. Kemp Morton, Huddleston, Bolen, Beatty, Porter & Copen, Huntington, W.V., for third-party defendant Kyle Furniture Co.

James D. McQueen, Jr., Campbell, Woods, Bagley, Emerson, McNee & Herndon, Huntington, W.V., for third-party defendant Don P. Smith Chair Co.

## MEMORANDUM OPINION

STAKER, District Judge.

Presently before the court in this convoluted case are the motions of the third-party defendants to dismiss the third-party complaint as being barred by the statute of limitations and/or laches or, alternatively, for failure to state a claim. Intertwined with these issues is the question of whether the claims raised in the third-party complaint are governed by maritime law under the court's admiralty jurisdiction or by the applicable state law under diversity jurisdiction.

The original plaintiff, Bruce Bradford, brought his action under general maritime law and the Jones Act, 46 U.S.C. § 688, in June, 1981, for an injury which allegedly occurred in February, 1979, while he was aboard a vessel owned and operated by the defendant/third-party plaintiff Indiana & Michigan Electric Co. (hereinafter Indiana & Michigan). Plaintiff asserted that he was injured on the vessel while it was on a navigable waterway and while he was a seaman in the employ of Indiana & Michigan when a chair upon which he was sitting collapsed. Liability of Indiana & Michigan was predicated on its negligence and/or the unseaworthiness of the vessel.

On January 3, 1983, Indiana & Michigan was granted leave by the court to file a third-party complaint against Don P. Smith Chair Co. (hereinafter Chair Co.), the manufacturer of the chair involved in the accident, and Kyle Furniture Co. (hereinafter Kyle), the seller of the chair to Indiana & Michigan. On January 4, 1983, Indiana & Michigan filed its action against Chair Co. and Kyle asserting a right to indemnity or contribution for any monies that it would be liable for to plaintiff as a result of the collapse of the chair. It based its claims for indemnity or contribution on the grounds that the chair in question was defective and that either Chair Co. or Kyle,

or both; (1) breached express and/or implied warranties of merchantability and fitness for intended use; (2) was negligent in the design, manufacture, and/or sale of the chair; and (3) is strictly liable for the defective design and/or manufacture of the chair. In its third-party complaint Indiana & Michigan did not state specifically whether it was basing this court's jurisdiction of the third-party action on the court's admiralty jurisdiction, 28 U.S.C. § 1333(1), or its diversity jurisdiction, 28 U.S.C. § 1332(a); however, the statements contained therein would appear to support jurisdiction on either basis. Chair Co. and Kyle answered, denying liability; Kyle also filed a cross-claim for indemnity against Chair Co.

Indiana & Michigan settled the action brought by plaintiff Bradford, with the approval of the court, on January 31, 1983.

Chair Co. asserts in its motion to dismiss that Indiana & Michigan's claim for indemnity or contribution is not cognizable under admiralty jurisdiction because admiralty courts do not enforce claims based upon strict liability (which according to Chair Co., is the basis of Indiana & Michigan's claim), wherefore, the action is cognizable only under diversity jurisdiction, and applying the forum state's, West Virginia's, two year statute of limitation for bringing a tort action, Indiana & Michigan's claim is barred because the third-party action was brought more than two years after the date plaintiff sustained his injuries that being the date upon which the cause of action accrued, again according to Chair Co. Alternatively, Chair Co. asserts that if the action is to be determined under admiralty law, then Indiana & Michigan's action is barred by the doctrine of laches, because it was brought after an unreasonable delay following its accrual. Whether the State two-year statute of limitations or the Jones Act three-year statute of limitations is applicable analogously to determine the appropriate period in applying laches, the action is barred because Indiana & Michigan unreasonably delayed until 1983 in bringing the third-party action and because this

delay prejudiced Chair Co. The third-party defendant also contends that any claim by Indiana & Michigan based upon a breach of warranty of fitness failed to state a claim under West Virginia law because depositions show that there was no reliance by Indiana & Michigan on Chair Co.'s skill and judgment in selecting the chair which collapsed because there were no direct dealings between them.

In a supplemental brief, permitted pursuant to court order [1], Chair Co. concedes that Indiana & Michigan's third-party action is cognizable under the court's admiralty jurisdiction [2] but raises a new argument that any claim for contribution is barred under *Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp.*, 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318 (1952) because the original plaintiff is barred from directly suing Chair Co. because of the running of the statute of limitations.

In support of its motion to dismiss, Kyle adopts Chair Co's position that the third-party claim for indemnity or contribution is barred by the applicable limitations and/or laches period for bringing such actions and also because it was brought after the original plaintiff's possible causes of action against Kyle were barred by the statute of limitations. Kyle further contends that any claim by Indiana & Michigan is barred under the case law on contribution or indemnity developed under the Jones Act. Its position is that such law, as incorporated into the Jones Act from FELA and its case law, prohibits an employer from obtaining indemnity or contribution from a third-party for the employer's liability to an employee when the employee is barred from directly bringing an action against the third-party, *e.g.* when the statute of limitations would be a defense to such a direct action. Kyle argues that since it

would have the defense of statute of limitations against any direct action by the original plaintiff at the time Indiana & Michigan instituted this third-party action in 1983, the third-party action itself is barred. Finally, Kyle contends that any claim by Indiana & Michigan based upon breach of implied warranty is subject to the four year statute of limitations in the West Virginia Uniform Commercial Code, W.Va.Code § 46-2-725(2) (1966). It asserts that Indiana & Michigan purchased the chair in question from Kyle in 1977; and that the breach of implied warranty, if it occurred at all, occurred then; that that is when the statute of limitations for such breach began to run and that, consequently, the action by Indiana & Michigan based upon that theory of recovery is time-barred.

Indiana & Michigan, of course, contests all the issues raised by the third-party defendants. It contends that its indemnity or contribution claims are cognizable under admiralty jurisdiction and that, consequently, admiralty law is applicable. On the question of the defense of statute of limitations or laches, it argues that a claim for indemnity or contribution does not accrue until the party seeking such recovery has paid a judgment or settled a claim. Also, Indiana & Michigan interprets the case law as holding that the fact that the third-party defendants have a defense to any action by the original plaintiff does not bar its claim against them; only when the indemnitor is *immune* from suit is the indemnitee barred from recovering. In regard to the FELA rule concerning third-party claims for indemnity or contribution relied on by Kyle, Indiana & Michigan contends that it is inapplicable because admiralty law does not resolve such issues by referring to state law, as does FELA, but has its own sepa-

---

1. Chair Co. filed a second supplemental brief raising new grounds why Indiana & Michigan's claim for indemnity should be dismissed. However, the court has decided that it will not consider that brief because it was filed a week after the deadline established by court order for filing briefs. To accept and consider it would entail allowing Indiana & Michigan to file a reply brief and would delay the decision on

these motions and, consequently, the trial of this action.

2. In the supplemental brief, Chair Co. for the first time made the assertion that Kentucky law should be applied where appropriate because the accident occurred while the vessel was in Kentucky waters.

rately developed law on indemnity and contribution. Furthermore, plaintiff's claim was not based solely on the Jones Act but also relied on general maritime law; therefore, even if the indemnity or contribution claim might not be allowable under the Jones Act, that does not mean it would also be excluded under general maritime law.

After sifting through all the arguments put forward by the parties, the court has determined that the issues that must be resolved in deciding these motions to dismiss are; first, whether the claims for indemnity or contribution can be heard under the court's admiralty jurisdiction or whether they must be heard solely under its diversity jurisdiction; second, whether or not the claims are barred by any applicable statute of limitations or by laches; and third, whether the claims are otherwise barred.

### Admiralty Jurisdiction

The third-party defendants have insisted that Indiana & Michigan's claims against them are products liability actions somehow distinct from the maritime action by the plaintiff against Indiana & Michigan and, as such, are maintainable only under the court's diversity jurisdiction. Consequently, they argue that the court must apply the appropriate state law, depending on what they consider that to be, rather than admiralty law, to determine their liability. They also contend that the claims should not be governed by admiralty law because the product in question, the chair, was not especially designed or manufactured for maritime use. Instead, it was an ordinary chair that just happened to have been used upon a vessel in navigable waters when it collapsed and that that fortuitous circumstance should not cause this court to apply maritime products liability law rather than state law.

First of all, the court would like to point out that the third-party defendants have erred in their analysis of this third-party action. This is not a products liability claim that Indiana & Michigan has brought against them to recover damages that it, by itself, has suffered as a result of the collapse of the chair. Rather, this is an action to recover from them indemnification or contribution for any money Indiana & Michigan has had to pay its employee—plaintiff—as a result of injuries the plaintiff suffered when the chair collapsed. Indiana & Michigan is alleging that it incurred liability to the plaintiff solely or partly because of the negligence of Chair Co. and/or Kyle, or because of their breaches of implied warranties, or because of their defective design and/or manufacture of the chair. In other words, it was liable to plaintiff for a tort actually committed upon the plaintiff by the third-party defendants. The issue of products liability is thus involved in whether or not they committed a tort upon the original plaintiff. *See, White v. Johns-Manville Corp.*, 662 F.2d 243 (4th Cir.1981) (hereinafter *White I*).

■ Products liability actions are cognizable under admiralty law if the criteria of *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972) are met. *White v. Johns-Manville Corp.*, 662 F.2d 234 (4th Cir.1981), *cert. denied*, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982) (hereinafter *White II*); *accord, Schaeffer v. Michigan-Ohio Navigation Co.*, 416 F.2d 217 (6th Cir.1969). Furthermore, if the main claim from which the claims for noncontractual indemnity or contribution are derived is governed by admiralty law then the indemnity or contribution claims will also be governed by admiralty law. *White I, supra; Glover v. Johns-Manville Corp.*, 662 F.2d 225, 229 (4th Cir.1981). In the case before the court the claim by the plaintiff against Indiana & Michigan was definitely governed by admiralty law since it was grounded on the Jones Act and the general maritime law of unseaworthiness. However, the court does not believe that that circumstance is sufficient, under *White I*, to determine that this action also is to be governed by maritime law. The court believes that it must also determine whether plaintiff's action would have been

governed by admiralty law had the plaintiff directly sued Chair Co. and Kyle for his injuries resulting from the collapse of the chair.

■ In order for a tort action to come within a court's admiralty jurisdiction there must be "(1) a maritime locality of the injury, and (2) a 'significant relationship to traditional maritime activity' to the alleged wrong." *White II*, 662 F.2d at 239 (citation omitted). There is no dispute that the first criterion is met in regard to the original plaintiff's injury. The question is whether this chair and its alleged improper design and/or manufacture had a "significant relationship to traditional maritime activity" since it was not especially designed or manufactured for use on commercial vessels playing navigable waters. This court has found no case, nor have the parties referred it to any, in which the Fourth Circuit has decided the question of whether a product must be especially designed for use in maritime activity in order for admiralty jurisdiction to exist over a products liability action involving that product. The issue was raised in *White I, supra*, but was specifically not decided. However, the issue has been decided by the Fifth Circuit in *Sperry Rand Corp. v. Radio Corp. of America*, 618 F.2d 319 (1980). There Sperry Rand was sued in admiralty by the boat owner for damages when its boat went aground due to a defect in a gyro-pilot steering system manufactured by Sperry Rand. Sperry Rand settled with the boat owner and then brought the products liability action against the defendants for indemnification or contribution in admiralty alleging that defective component parts manufactured by the defendants caused the steering system to fail. The district court dismissed the action for lack of admiralty jurisdiction because the "manufacture of small component parts, not specifically manufactured for incorporation in marine systems, lacked little relationship to traditional maritime activity, and, therefore, failed to meet the 'locality-plus' test set forth in *Executive Jet.*" *Id.* at 320–21. On appeal, the defendants argued

that because this case is a products liability action, the "wrong" committed if any, occurred by defective manufacture and would have been actionable whether or not the injury occurred on navigable waters. Since these component parts are manufactured by the millions and are used in virtually every conceivable aspect of electronic equipment ... the activity of their manufacture bears no *significant* relationship to traditional maritime activity and that a finding of jurisdiction would ignore the purpose of restricting admiralty jurisdiction as set forth in *Executive Jet.*

*Id.* at 321. Rejecting this argument, the Fifth Circuit said that the "significant relationship" test is satisfied if the injury to a vessel occurs on navigable waters; the fact that the negligent act which caused the injury occurred on land was not relevant. *Id.* In reversing, the court held

that a finding of jurisdiction will best serve the purpose of admiralty jurisdiction to protect "the ... national interest in uniformity of law and remedies for those facing the hazards of waterborne transportation." ... The injustice in a contrary result becomes more apparent when one considers that an affirmance of the District Court would have precluded the vessel owners from having brought suit in Federal District Court on the basis of admiralty jurisdiction directly against the manufacturers of the component parts, if an investigation had revealed to them that the components were the real culprits causing the damage ....

*Id.* at 322 (citation omitted).

Although this action before the court involves personal injury rather than damage to a vessel, the court believes that the reasoning and holding in *Sperry Rand* are equally applicable. To adopt Chair Co.'s and Kyle's arguments would mean that if plaintiff had elected to sue them as well as Indiana & Michigan, admiralty law would have been applicable only to the claim against Indiana & Michigan while the claims against them would have been governed by some state's law, even though the

accident occurred on navigable waters. That could lead to disruption of the national uniformity of admiralty law and could defeat a plaintiff's right to recovery as established under admiralty law principles. *Byrd v. Byrd,* 657 F.2d 615 (4th Cir.1981).

■ Therefore, the court holds that Indiana & Michigan's claims for indemnity or contribution against Chair Co. and Kyle are within the court's admiralty jurisdiction and are governed by admiralty law because if the original plaintiff had brought a direct action against them that action would have been governed by admiralty law. *White I,* 662 F.2d 243 (4th Cir.1981) The principles of indemnity announced in *White I,* will govern in this action.

### Statute of Limitations or Laches

Chair Co. and Kyle contend that Indiana & Michigan's claims for indemnity or contribution are barred by either the West Virginia two year statute of limitations, W.Va.Code § 55–2–12 (1981 Replacement Vol.), or by the admiralty rule of laches (using the Jones Act three year statute of limitations as the appropriate time period to apply). They base these affirmative defenses on the fact that Indiana & Michigan did not institute its action against them until more than three years after the original plaintiff was injured. It is Chair Co.'s and Kyle's contention that a cause of action for indemnity or contribution accrues and the limitation or laches period begins to run at the time the original plaintiff's cause of action accrues.

■ Based upon the court's ruling, *supra,* that this action comes within its admiralty jurisdiction, the court will apply the equitable doctrine of laches rather than a specific statute of limitations period. *Giddens v. Isbrandtsen Co.,* 355 F.2d 125 (4th Cir.1966). In order to establish laches so as to bar a claim the party raising the defense must prove " '(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense'." *Id.* at 127; *Ashland Oil Inc. v. Madison Coal & Supply Co.,* 461 F.Supp. 997 (S.D.W.Va.1978).

Therefore, the first thing that must be shown is lack of diligence by Indiana & Michigan in bringing its causes of action against Chair Co. and Kyle once they had accured. "[T]he right of action for indemnity arises at and limitations begin to run from, the time of payment or settlement by the one secondarily liable, and the right of contribution arises at, and limitations begin to run from, the time of payment in excess of plaintiff's proportionate share ...." *Northwest Airlines, Inc. v. Glenn L. Martin Co.,* 161 F.Supp. 452, 458 (D.Md.1958). This appears to be the rule in admiralty actions also. *E.g., Thornton v. Town of Hull,* 515 F.Supp. 715 (D.Mass.1981); *Feehan v. United States Lines, Inc.,* 522 F.Supp. 811, 816 (S.D.N.Y.1980). Indiana & Michigan brought this third-party action on January 4, 1983, but did not settle the action brought by plaintiff against it until January 31, 1983. Thus, it brought this suit before its cause of action had actually accrued, which is proper. *Feehan, supra.* Consequently, there was no filing of the third-party action after any possible statute of limitations period had run and thus no lack of diligence or unreasonable delay in bringing the action once it had accrued. The third-party defendants' assertions of the defense of laches based upon the running of the statute of limitations for actions for contribution or indemnity are not well-founded.

■ Kyle has also asserted that any claim against it based upon a breach of an implied warranty is barred by the four-year statute of limitation in U.C.C. § 2–725 because Indiana & Michigan brought this action more than four years after it delivered the chair in question to Indiana & Michigan. The Fourth Circuit, in *Walker Manufacturing Co. v. Dickerson, Inc.,* 619 F.2d 305, at 310 (1980), has held that the U.C.C. § 2–725 statute of limitations period does not govern suits for indemnity for defective products. Therefore, that limitations period is not applicable here in determining whether laches will bar these claims.

The court holds that the claims for indemnity or contribution are not barred by laches because they were timely filed.

### Other Bars to this Action

■ First of all, Chair Co. in its original brief contended that any claim for breach of warranty did not state a cause of action because depositions showed that Indiana & Michigan did not rely upon Chair Co. when buying the chair that eventually collapsed. Since Chair Co. has presented matters outside the pleadings, the court must treat this part of the motion to dismiss as a motion for summary judgment. Fed.R.Civ.P. 12(b). The question of any reliance by Indiana & Michigan upon Chair Co. in selecting the allegedly defective chair would be central, according to Chair Co., to the claim for breach of warranty. Therefore, a genuine issue of material fact has been raised and under Fed.R.Civ.P. 56(c) the converted motion for summary judgment must be denied. *Charbonnages De France v. Smith*, 597 F.2d 406 (4th Cir.1979).

■ Chair Co. has also put forward the argument that in admiralty law *all* claims for contribution are barred. It cites to *Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp.*, 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318 (1952), for this proposition. However, the Supreme Court in *Cooper Stevedoring Co. v. Fritz Kopke, Inc.*, 417 U.S. 106, 94 S.Ct. 2174, 40 L.Ed.2d 694 (1974), specifically limited its holding in *Halcyon* to the facts of that case. Therefore, in admiralty law a claim for contribution is barred *only* when the party from whom contribution is sought is the employer of the person who sued the party now seeking contribution and the employee is barred from directly suing his employer because of the workmen's compensation immunity contained in the Longshoremen's and Harbor Workers' Compensation Act. Since that is not in any way the situation before this court, *Halcyon* is inapplicable and this action is not barred for that reason.

Finally, Kyle asserts that Indiana & Michigan's action against it is barred because the original plaintiff is barred from suing Kyle because of the running of the statute of limitations. It cites to *Brenham v. Southern Pacific Co.*, 328 F.Supp. 119 (W.D.La.1971) in support of its assertion. Kyle contends that *Brenham* states this rule for FELA cases and since the Jones Act incorporates the tort law established in FELA cases into its own substantive law and since the original plaintiff brought his action against Indiana & Michigan under the Jones Act, by deductive reasoning *Brenham* bars Indiana & Michigan's action.

■ *Brenham* does seem to state that because the party from whom contribution was sought had the defense of prescription against the original plaintiff he could not be ordered to pay contribution. However, the court believes that *Brenham* is distinguishable because it involved the application of the distinctive Louisiana civil law principles concerning contribution which are not applicable in this admiralty law action. Another case which supports Kyle's point is *Kennedy v. Pennsylvania Railroad Co.*, 282 F.2d 705 (3rd Cir.1960), which held that a railroad's third-party claim for indemnity in a FELA action would be defeated under state law if the original plaintiff were contributorily negligent. It cited *Spaulding v. Parry Navigation Co.*, 187 F.2d 257 (2nd Cir.1951), as standing for the same proposition in Jones Act cases. *Spaulding* did involve a claim for indemnity or contribution by the defendant against a third-party. The Second Circuit found that the third-party was not liable for contribution or indemnity but for another reason, namely, that under substantive tort law it was not a tortfeasor or joint tortfeasor in regard to plaintiff's injury. Therefore, *Spaulding* does not establish the rule that in Jones Act cases the fact that the original plaintiff is barred by the statute of limitations from suing the third-party defendant also bars the third-party plaintiff from suing him for contribution or indemnity. Kyle has not cited the court to any admiralty case standing for that proposition. The court has come upon

one case, *Thornton v. Town of Hull*, 515 F.Supp. 715 (D.Mass.1981), that has held just the opposite. Therefore, the court does not find itself convinced of Kyle's position and does not, accordingly, accept it.

The court holds that the third-party defendants have not shown that Indiana & Michigan's claims against them are otherwise barred.

For the reasons stated above in this memorandum opinion it is hereby ORDERED that the motions to dismiss and for summary judgment by the third-party defendants Kyle Furniture Co. and Don P. Smith Chair Co. be, and the same hereby are, OVERRULED and DENIED.