**SUBARU OF NEW ENGLAND, INC.,**

v.

**GENERAL SHIP CORPORATION,**

v.

**UNITED STATES of America.**

**CONTINENTAL INSURANCE COMPANY, Plaintiff,**

v.

**GENERAL SHIP CORPORATION, Defendant,**

v.

**UNITED STATES of America, Defendant.**

**SUBARU DISTRIBUTORS CORP., Plaintiff,**

v.

**GENERAL SHIP CORPORATION, Defendant,**

v.

**UNITED STATES of America, Defendant.**

**SUBARU OF NEW ENGLAND, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. Nos. 91–12323–WF, 90–12592–WF, 90–13094–WF and 91–10923.

United States District Court, D. Massachusetts.

Aug. 14, 1992.

Anthony R. Zelle, Zelle & Larson, Waltham, Mass., and Mark J. Feinberg, Zelle & Larson, Minneapolis, Minn., for Subaru of New England, Inc.

John Woodward, Seder & Chandler, Worcester, Mass., for Subaru Distributors.

Edward Quinlan, Quinlan & Sadowski, Dedham, Mass., for Continental Ins. Co.

Thomas J. Muzyka, Clinton & Muzyka, Boston, Mass., for General Ship Corp.

R. Scott Blaze, U.S. Dept. of Justice, Torts Branch/Civ. Div., Washington, D.C., for U.S.

MEMORANDUM AND ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT (# 43)

COLLINGS, United States Magistrate Judge.

Defendant General Ship Corporation ("General Ship") opposes the Motion For

Leave To Amend Complaint (# 43) filed by Subaru of New England ("Subaru") primarily on the ground that Subaru, by delaying the filing of the motion, has foreclosed General Ship from filing a third-party claim against the United States because of the statute of limitations applicable to claims against the Government.

The case involves damage to cars owned by Subaru which were stored on an outside lot near General Ship's facility. The cars were found to have been damaged by paint and solvent "overspray" which Subaru alleges was caused by negligent paint and solvent spray operations by General Ship at its drydock facility. The original complaint sought damages to vehicles for oversprays occurring between December 1988 and December 1989. The proposed amended complaint seeks damages for oversprays occurring between September 29, 1989 and February 11, 1990.

After the initial complaint was filed, General Ship filed a third-party complaint against the United States "... pursuant to the Suits in Admiralty Act and/or the Public Vessels Act." *See* # 10. In its third-party complaint, General Ship sought contribution and indemnity against the United States presumably on the theory that the "overspraying" occurred while work was being done, either by General Ship or the United States Navy, on naval vessels at General Ship's facilities and that the United States Navy was negligent during those operations. General Ship maintains that if the motion to amend is allowed, it cannot now bring a further third-party claim against the United States for contribution and indemnity concerning the December, 1989—March, 1990 overspray because the Suits in Admiralty Act, 46 U.S.C. § 745, provides a two-year statute of limitations for such claims, and the two year period expired prior to Subaru's filing of its motion to amend.

General Ship's argument is based on the premise that it could not now amend its third-party complaint seeking indemnity and contribution for the December, 1989—March, 1990 overspray. The premise is incorrect. In the case of *Thornton v.*

*Town of Hull,* 515 F.Supp. 715 (D.Mass., 1981), then Chief Judge Caffrey held that although the limitations period contained in 46 U.S.C. § 745 would bar any direct action by the plaintiff against the United States, "[t]he fact that the two-year statute of limitations period had run with respect to the original plaintiff's cause of action does not control the defendant's right to maintain a third-party action." *Id.* at 716. The reason for this result was the fact that:

> The third-party plaintiff's right to recover does not accrue until a judgment has been entered and the original plaintiff has been satisfied. Nevertheless, it is well-settled that the third-party plaintiff may bring a third-party complaint before any judgment has been entered. *See Corning Glass Works v. Puerto Rico Resources Authority,* 396 F.2d 421 (1st Cir.1968).

*Id.*

The Third Circuit Court of Appeals, in a later case, came to the same conclusion. *Sea–Land Service, Inc. v. United States,* 874 F.2d 169, 172–4 (3 Cir., 1989). The Third Circuit followed a case from the Seventh Circuit to the same effect, i.e., *Central Rivers Towing v. City of Beardstown,* 750 F.2d 565, 571–72 (7 Cir., 1984), which, in turn, relied on Judge Caffrey's decision in *Thornton v. Hull, supra.*

General Ship relies on *United New York Sandy Hook Pilots Assoc. v. United States,* 355 F.2d 189 (2 Cir., 1965), *Complaint of American Export Lines, Inc.,* 568 F.Supp. 956 (S.D.N.Y., 1983) and *Brown v. United States,* 615 F.Supp. 391 (D.Mass., 1985), reversed on other grounds, 790 F.2d 199 (1 Cir., 1986). In *Sea–Land Service, Inc. v. United States, supra,* the Third Circuit discussed the *United Sandy Hook Pilots* case and noted that it dealt more with issues of *res judicata* than with statute of limitations on indemnity claims against the United States. The Court wrote:

> ... [W]e do not find help on the issue before us in *Sandy Hook Pilots' Assn.,* 355 F.2d 189. The essence of the court's decision in *Sandy Hook* was the affirmance of the district court's determination

that it was bound by the principles of *res judicata* when granting a motion to dismiss a pleading that was identical to one that had been filed three years before and had been found to be time-barred. The court noted that the original decision had not been appealed and that the pleading had not been amended as was then permitted. The government mistakenly interprets Judge Friendly's characterization of the reasoning of the first, unappealed district court opinion as the holding of the Court of Appeals. *Sea–Land Service, Inc. v. United States, supra*, 874 F.2d at 173. The Third Circuit's reasoning is persuasive.

In the *Sandy Hook* case, there had been a collision between one of the association's pilot boats and a Coast Guard cutter. An employee of the Coast Guard had been injured. The Coast Guard sued the association in state court. The association then filed an action in federal court against the United States. In the action, the association claimed that the Coast Guard's negligence was the sole cause of the action. The district judge dismissed the case on the grounds that the action was barred by the two year statute of limitations. The district judge distinguished between contractual indemnity and claims against a tortfeasor, found that the association's claim was for liability as a tortfeasor, and held that such a claim arose at the time of the accident. *United New York Sandy Hook Pilots Assoc. v. United States, supra*, 355 F.2d at 190. There was no appeal of the decision, and no attempt to amend the pleadings to set forth a contract-based indemnification claim was made.

The Coast Guard employee's state court case against the association settled. Thereafter, the association filed a second action against the United States which was identical to the earlier action that had been dismissed. The district court dismissed the case considering itself "bound by its previous decision." *Id.* The Court of Appeals

affirmed. It was in this context that the Third Circuit interpreted the case as being one based on principles of *res judicata.*

The case of *Complaint of American Export Lines, Inc.*, 568 F.Supp. 956 (S.D.N.Y., 1983), distinguished between claims for contribution and claims for indemnity. The basic holding is that any claims premised on the third-party plaintiff's own negligence against the United States, such as claims for contribution, would be governed by the statute of limitations with the cause of action accruing at the time of injury. However, any claims for contract-based indemnity or tort-based indemnity wherein the third-party plaintiff is vicariously liable for the third-party defendant's negligence, and is not itself negligent, would not accrue until a judgment had been rendered against the third-party plaintiff in the main action. *Id.* at 964–966. This distinction was adopted by Judge Tauro in *Brown v. United States, supra*, 615 F.Supp. at 405–7 [1].

Thus, if the reasoning of the three cases cited by General Ship were followed, a third-party complaint for contribution would fail but a third-party complaint for tort indemnification would be timely so long as General Ship itself was not negligent or merely "passively negligent" or "vicariously or technically liable." *Araujo v. Woods Hole, Martha's Vineyard, Nantucket Steamship Authority*, 693 F.2d 1, 3 (1 Cir., 1982).

Thus, as to contribution claims, there is clearly a split of authority between the three cases cited by General Ship and the cases upon which Subaru relies, i.e., *Thornton v. Town of Hull, supra, Sea–Land Service, Inc. v. United States, supra,* and *Central Rivers Towing v. City of Beardstown, supra.* Each of these three cases explicitly hold that claims for contribution against a third-party defendant do not accrue until the defendant/third-party plaintiff has been found to be liable. *See*

---

**1.** The dismissal of the claims for indemnification and contribution was appealed to the First Circuit; however, because of the manner in which the First Circuit disposed of the direct claims against the United States, the appeal of the dismissal of the contribution and indemnification claims was rendered moot. *See Brown v. United States, supra,* 790 F.2d at 199, footnote denoted *.

Thornton, supra, 515 F.Supp. at 716; Sea–Land Service, Inc., supra, 874 F.2d at 173; Central Rivers Towing, supra, 750 F.2d at 572.

After a review of these precedents, I shall allow the motion to amend. First, even if the Second Circuit's opinion in the case of *United New York Sandy Hook Pilots Assoc. v. United States, supra,* is seen as holding that contribution claims accrue at the time of the injury, the case was decided over twenty-five years ago. The only circuits which have considered the issue since did so in 1984 (7th) and 1989 (3rd) and ruled that contribution claims do not accrue until the tortfeasor claiming contribution has been adjudged liable. The First Circuit has not spoken on the subject; there is a split between the two reported cases from the District of Massachusetts. In these circumstances, I will follow the more recent precedents established by the Seventh and Third Circuits.

Second, on the facts of this case as I understand them, General Ship may have a viable claim for tort-based indemnification if it can prove that it was only "passively negligent" or only "vicariously" or "technically" liable under the teaching of the *Araujo* case. The weight of precedent indicates that such claims do not accrue until such time as the party claiming such indemnification has been found liable. *Complaint of American Export Lines, Inc., supra,* 568 F.Supp. at 966.

In sum, since the weight of authority is to the effect that if the motion to amend were allowed, General Ship would be able to bring third-party claims against the United States for contribution and indemnification and that those claims would not be barred by the statute of limitations, General Ship's claims of prejudice due to Subaru's delay in filing the motion to amend vanish. In the absence of prejudice, the liberal provisions of Rule 15(a), Fed.R.Civ. P., governing amendments of pleadings is to be given effect.

Accordingly, it is ORDERED that the Motion For Leave To Amend Complaint (# 43) be, and the same hereby is, ALLOWED.